UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAYNE FESHOLD, | Case No.: 2:10-cv-00003-RLH-PAL |
| Plaintiff, | **O R D E R** |
| vs. | (Motion for Summary Judgment–#27) |
| CLARK COUNTY, a political subdivision, and municipality including its department UNIVERSITY MEDICAL CENTER, | |
| Defendant. | |

Before the Court is Defendant University Medical Center's ("UMC") **Motion for Summary Judgment** (#27, filed Dec. 13, 2010). The Court has also considered Plaintiff Jayne Feshold's Opposition (#30, filed Jan. 14, 2011), and UMC's Reply (#33, filed Feb. 7, 2011).

**BACKGROUND**

This dispute arises out of Feshold's medical separation from UMC and Feshold's contention that UMC violated the Americans with Disabilities Act ("ADA") by failing to accommodate her disability. Feshold began working for UMC in 1999 as an analyst in the medical records department. In May 2007, UMC relocated Feshold's department and assigned her to work in a cubicle. At the time of this move, Feshold's supervisor, Shelly Beck, allowed her to work

1

1  outside of her cubicle in a more open space where "assemblers" worked.  In July, Rebecca
2  Ricksecker took over Beck's position and required Feshold to work in her assigned cubicle.

3     After Feshold relocated to her cubicle, she began to make repeated complaints
4  about her working condition, mostly involving heat or noise.  She also visited the emergency room
5  complaining of heat exhaustion.  Soon thereafter, Feshold sought leave time under the Family
6  Medical Leave Act ("FMLA") due to post traumatic stress disorder with features of anxiety
7  according to her doctor, Dr. Kochy Tang.  While on leave, Feshold continued to send emails to her
8  supervisor asking about the heat and noise issues that she had experienced in her cubicle to see if
9  anything was being done about the issue.

10     In October, Feshold returned to work with a note from Dr. Tang stating that she
11  could return with no work restrictions.  (Dkt. #27, Mot. Ex. A-4, Tang Letter dated Oct. 4, 2007.)
12  Later Dr. Tang provided another note requesting a more open work area.  (*Id.*, Ex. A-5, Tang
13  Letter dated Oct. 26, 2007.)  UMC then approved Feshold for what it terms "light duty."  Under
14  UMC's light duty policy, an employee has 90 days in which UMC will attempt to accommodate
15  problems after which the employee must return to work with a full duty release or face medical
16  separation.  (*Id.*, Ex. A-7, Leah Conedy Dep. 43:9–44:16.)  Feshold's light duty period ended
17  without her providing a full duty release.  However, Feshold returned with another medical note,
18  this time requesting relief under the ADA because she suffered from claustrophobia.  (*Id.*, Ex. A-
19  12, Letter dated Feb. 7, 2008.)

20     After receiving this last medical note, Anthony Tyler of the Clark County Office of
21  Diversity, which reviews ADA accommodation requests for UMC, (*see id.*, Ex. A-9, Tyler Dep.
22  6:19–7:9), began to communicate with Feshold about UMC's process for determining whether it
23  was legally required to accommodate her.  Tyler interviewed her and later informed Feshold of
24  UMC's determination that she was not a qualified person under the ADA.  Soon thereafter, UMC
25  medically separated from Feshold.
26  /

After being fired (medically separated), Feshold filed a charge with the Equal Employment Opportunity Commission, which issued her a right to sue letter on October 7, 2009. Feshold then filed suit on January 4, 2010, alleging claims for: (1) discrimination and failure to accommodate under the ADA, (2) retaliation in violation of the FMLA, and (3) wrongful discharge under state law. On November 19, the parties stipulated to dismiss the second and third causes of action. Now before the Court is UMC's motion seeking summary judgment on the remaining ADA claim. For the reasons discussed below, the Court denies the motion.

**DISCUSSION**

**I.     Legal Standard**

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir.1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied*, 516 U.S. 1171 (1996). "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288–89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

1    The moving party bears the burden of showing that there are no genuine issues of
2 material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "In order to carry
3 its burden of production, the moving party must either produce evidence negating an essential
4 element of the nonmoving party's claim or defense or show that the nonmoving party does not
5 have enough evidence of an essential element to carry its ultimate burden of persuasion at trial."
6 *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the
7 moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to
8 "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.
9 The nonmoving party "may not rely on denials in the pleadings but must produce specific
10 evidence, through affidavits or admissible discovery material, to show that the dispute exists,"
11 *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply
12 show that there is some metaphysical doubt as to the material facts." *Bank of America v. Orr*, 285
13 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted). "The mere existence of a scintilla of
14 evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

15 **II.    Analysis**

16    The Court will first address the question of whether Feshold is a qualified
17 individual under the ADA, 42 U.S.C. § 12101, *et seq*. The Court will then address, as a qualified
18 individual or not, the question of whether UMC discriminated against her in firing her. UMC does
19 not dispute that it is an employer subject to the ADA or that Feshold suffers from a mental
20 impairment and, therefore, the Court need not address those issues.

21    **A.    Qualified Individual**

22    The ADA classifies an employee as disabled if she has a physical or mental
23 impairment which substantially limits one or more major life activities. *See* 42 U.S.C. §
24 12102(2)(A). A plaintiff must satisfy three elements to qualify as a disabled person for purposes
25 of the ADA: (1) she must have a physical or mental impairment; (2) the impairment must limit one
26 or more major life activities; and (3) the limitation must be substantial. *Toyota Motor Mfg., Ky.,*

4

*Inc. v. Williams*, 534 U.S. 184, 194-95 (2002) (superseded by statute).[1] The fact that a plaintiff suffers from a particular named condition is not sufficient in itself to render her eligible for relief under the ADA. *Albertson's, Inc. v. Kirkingburg*, 527 U.S. 555, 566 (1999). It is the effect of the condition on that person's life that matters and that determination must be made on a case by base basis. *Id.*

UMC contends that "Feshold's condition does not rise to the level of a qualifying disability within the meaning of the ADA as the condition does not substantially limit any one or more major life activities with respect to home or work" and that therefore she is not a qualified individual. (Dkt. #27, Mot., 8:22–24.) UMC correctly argues that merely "having an impairment does not make one disabled for purposes of the ADA. Claimants also need to demonstrate that the impairment limits a major life activity." *Williams*, 534 U.S. at 195. However, the Court finds that there is sufficient evidence that Feshold's claustrophobia substantially impacted various major life activities (concentrating, speaking, performing manual tasks, etc.) while in enclosed environments such as her cubicle for a reasonable juror to find in her favor. UMC's arguments regarding Dr. Tang's diagnosis and testimony may go to his credibility at trial, but are insufficient to obtain summary judgment. Accordingly, the Court denies summary judgment on this issue as these questions are properly decided by a jury.

B.     **Disability Discrimination**

Under the ADA it is unlawful for a covered employer to "discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42

---

[1] While the ADA Amendments Act of 2008 supersedes *Williams*, *see Nyrop v. Indep. School Dist. No. 11*, 616 F.3d 728, 734 n.4 (8th. Cir. 2010), *Williams* still applies to this case as the superseding statute does not apply retroactively and the decisions relevant to this case were made prior to the effective date of the superseding statute, *Becerril v. Pima Cnty. Assessor's Office*, 587 F.3d 1162, 1164 (9th Cir. 2009). Both parties acknowledge that *Williams* governs this case.

5

AO 72
(Rev. 8/82)

1   U.S.C. § 12112(a); *see also Kaplan v. City of N. Las Vegas*, 323 F.3d 1226, 1229 (9th Cir. 2003).

2   A plaintiff may qualify for relief under the ADA if she can show that: "(1) she is a disabled person

3   within the meaning of the statute; (2) she is qualified, with or without reasonable accommodation,

4   to perform the essential functions of the job she holds or seeks; and (3) that she suffered an

5   adverse employment action because of her disability." *Braunling v. Countrywide Home Loans*

6   *Inc.*, 220 F.3d 1154, 1156 (9th Cir. 2000).

7         UMC argues that there is no evidence that Feshold was separated from UMC

8   "because of" a disability as is required for a claim of disability discrimination. *Kaplan*, 323 F.3d

9   at 1229 (9th Cir. 2009). The Court, again, disagrees. Feshold's claim survives summary judgment

10  because she has provided sufficient evidence to suggest that she was fired because of her

11  disability. Feshold provides evidence showing that she was disabled within the meaning of the

12  ADA, as noted above, and that this limited her ability to do her job without a reasonable

13  accommodation. She also provides evidence demonstrating that when she was reasonably

14  accommodated, as she was under her prior supervisor, she was able to do her job satisfactorily.

15  Most importantly, Feshold provides evidence showing that UMC fired her because she could not

16  return to work with a full duty release as they required her to do. This goes to the heart of her

17  disability claim: she was fired because she could not perform adequately due to her disability.

18  Therefore, the Court finds that summary judgment is inappropriate on this issue as reasonable

19  jurors could find for Feshold. Accordingly, the Court denies summary judgment on Feshold's

20  claim for discrimination and failure to accommodate under the ADA.

21  /

22  /

23  /

24  /

25  /

26  /

6

AO 72
(Rev. 8/82)

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that UMC's Motion for Summary Judgment (#27) is DENIED.

Dated: May 24, 2011.

*(signed)* Roger L. Hunt

**ROGER L. HUNT**
**Chief United States District Judge**